IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN MCCOLLUM,** *et al.,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2037-L** |
| | § | |
| **BRAD LIVINGSTON,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Unopposed Motion to File Second Amended Complaint, filed January 14, 2014. The court held a hearing on the motion on January 27, 2014. During the course of the hearing, the court learned that Defendant University of Texas Medical Branch ("UTMB") opposed the motion. The deadline for amendment of pleading as set forth in the court's previous scheduling order has expired.

Plaintiffs seek leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a), the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b) of the Federal Rules of Civil Procedure. *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling

**Memorandum Opinion and Order – Page 1**

order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

During the hearing, the court heard argument or discussion as to each of the four factors. After considering the four factors and arguments of counsel, the court, for the reasons stated on the record, determines that good cause exists to modify its earlier scheduling order. Having determined that good cause exists, the court, pursuant to Rule 15(a), allows Plaintiffs to file an amended pleading in the interest of justice. Plaintiffs shall file a second amended complaint by **January 31, 2014**. As this is the second amended pleading, and in light of the age of this case, the court will allow no further amendment of Plaintiffs' pleadings.

In light of the court's ruling, Defendant UTMB is permitted to file an amended motion pursuant to Rule 12(c) by **February 7, 2014.** Likewise, Defendant Brad Livingston is permitted to file a second amended motion to dismiss on the basis of qualified immunity by **February 7, 2014.** Accordingly, the court **denies as moot** Defendant UTMB's Motion to Dismiss Under FRCP 12(c), filed May 30, 2013; and also **denies as moot** Defendant Brad Livingston's Amended Motion to Dismiss on the Basis of Qualified Immunity, filed October 25, 2013.

**It is so ordered** this 28th day of January, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 2**